**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 12-0152-WS** |
| | ) | |
| **ANDREAS ANDRESEAN, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the government's motion in limine. (Doc. 47). The defendant has filed a response, (Doc. 50), and the motion is ripe for resolution.

The defendant is charged with marriage fraud and conspiracy to commit marriage fraud. The pertinent statute makes it a crime to "ente[r] into a marriage for the purpose of evading any provision of the immigration laws." 8 U.S.C. §1325(c). The government seeks an order prohibiting the defendant and those associated with him from suggesting before the jury that the government must prove that the defendant's "sole" purpose in entering the marriage was to evade an immigration law. The government relies primarily on two appellate opinions addressing this issue.

In *United States v. Chowdhury*, 169 F.3d 402 (6th Cir. 1999), the jury was charged that the second element of an offense under Section 1325(c) is that the defendant "knowingly entered into the marriage for the purpose of evading the United States immigration laws." *Id*. at 406. On appeal, the defendant argued that the charge should have read that the defendant knowingly entered the marriage "*with the intention* and … for the *sole* purposes of evading the United States immigration laws." *Id*. at 407 (emphasis in original). The Sixth Circuit disagreed, ruling that "nothing in the statute requires the additional language proposed by the defendant." *Id*.

In *United States v. Borodyonok*, 286 Fed. Appx. 97 (4th Cir. 2008), the defendant claimed the trial judge demonstrated bias by charging the jury "that the Government need only prove that at least one of Borodyonok's purposes … was to evade the immigration laws and that it did not have to be his sole purpose." *Id*. at 99. According to the Fourth Circuit, however, "[t]hat Borodyonok may have married Farrell with the additional intent of having consensual sex with her … does not somehow mitigate his intent to violate the immigration laws." *Id*.

Both *Chowdhury* and *Borodyonok* support the proposition that a defendant can be convicted under Section 1325(c) without proof that evading the immigration laws was the defendant's exclusive purpose. While neither appellate court provided much explanation for its conclusion, such reasoning exists.

"It is a cardinal principle of statutory construction that a statute ought, upon the whole, be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal quotes omitted); *accord United States v. Home Concrete & Supply, LLC*, 132 S. Ct. 1836, 1841-42 (2012). Congress has passed many laws employing the term "the sole purpose."[1] In order to avoid rendering the qualifier "sole" superfluous in all these statutes, the term "the sole purpose" must be

---

[1] *See, e.g.*, 2 U.S.C. § 806(i)(1); 5 U.S.C. § 4107(b)(2); 7 U.S.C. §§ 4613(d)(1)(A), 7982(d)(3), 8401(e)(3)(A), 8773(e)(3); 10 U.S.C. §§ 129d(a)(1), 2664(c)(1), 2853(a); 12 U.S.C. §§ 461(b)(4)(A)(i), 1431(*l*)(2)(C)(i), 1455(*l*)(2)(C)(i), 1715z-1(f)(3), 1719(g)(2)(C)(i), 1831a(c)(3)(A), 1841(a)(5)(C); 15 U.S.C. §§ 62, 632(a)(4)(A), 2605(f)(2)(A), 4305(g)(1), 6502(b)(2)(B), 7001(a)(2); 16 U.S.C. §§ 79d(b), 160c(d), 251h(2), 1851(a)(5), 1854(g)(1)(G)(iii); 17 U.S.C. §§ 114(d)(3)(B)(ii), 1201(d)(1); 18 U.S.C. § 48(e)(2)(B); 19 U.S.C. §§ 81c(a), 144a, 1311; 20 U.S.C. §§ 1096(b)(1), 4516(d); 21 U.S.C. § 379j(a)(2)(B)(v)(I); 22     U.S.C. § 4861(c); 25 U.S.C. §§ 348, 1300i-4(d)(4); 26 U.S.C. §§ 468B(g)(2)(B), 501(c)(12)(H)(i), 663(c), 685(b)(2); 35 U.S.C. § 3(b)(4); 37 U.S.C. §§ 555(c), 556(h); 38 U.S.C. §§ 1729(h)(1), 3313(c)(1)(A)(i)(II); 39 U.S.C. § 404(c); 42 U.S.C. §§ 262a(e)(3)(A), 1320b-9a(f)(1)(A), 1395*l*(c)(2), 5174(d)(2)(B)(ii), 7276f, 7651n(b)(1), 9307, 9621(f)(3)(B)(i), 12634(c)(1); 43 U.S.C. § 1613(d)(3)(E)(ii); 46 U.S.C. § 8701(a)(8); 47 U.S.C. §§ 309(j)(8)(C)(iii), 336(h)(2)(K), 360(b)(1), 928(d)(4), 1002(b)(2)(B), 1452(d)(4)(B), 1457(a)(2); 49 U.S.C. § 40129(h); 50 U.S.C. § 432d(a)(2)(A).

construed as more restrictive than "the purpose."[2]  It must be supposed, then, that Congress advisedly omitted "sole" from Section 1325(c) precisely because it did not intend to limit criminal liability to those who marry with only the singular and exclusive purpose, unaccompanied by any other, of evading the immigration laws.

The defendant ignores *Chowdhury* and *Borodyonok*, but he raises four arguments in opposition to the government's motion.  First, that case law under the ADEA demonstrates that "the purpose" connotes at least but-for causation.  Second, that the Citizenship and Immigration Service utilizes a "sole purpose" standard.  Third, that the United States Attorney's office has previously taken the position that Section 1325(c) requires the government to prove that evading immigration law was the sole purpose of the marriage.  And fourth, that any lower standard would render Section 1325(c) an unconstitutional infringement on the right to marry.  The Court considers these objections in turn.

The ADEA makes it unlawful for an employer to discriminate against an employee "because of" the employee's age.  29 U.S.C. § 623(a).  This quoted language means that an ADEA plaintiff in a disparate treatment case "must prove that age was the 'but-for' cause of the employer's adverse decision."  *Gross v. FBL Financial Services, Inc*., 557 U.S. 167, 176 (2009).  According to the defendant, "because of" is "analogous" to "for the purpose of," such that Section 1325(c) must require at least that evasion of the immigration laws be the "but for" purpose of the marriage.  (Doc. 50 at 2-3).  While not implausible, the defendant's terse, unamplified argument glosses over such differences as terminology and criminal versus civil liability.  At any rate, resolution of the argument is unnecessary to resolution of the government's motion; even were the Court persuaded that evasion must be the "but for" purpose of the marriage, this would

---

[2] Justice Sotomayor recently recognized this hierarchy of meaning.  *See Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2720 (2011) (Sotomayor, J., concurring in part) (a prior Supreme Court decision "explained that under Massachusetts law not just the purpose but the sole purpose of the affidavits was to provide evidence") (internal quotes omitted).

not answer the question, posed by the motion in limine, of whether evasion must be the "sole" purpose of the marriage.[3]

The defendant purports to quote from a manual addressing administrative evaluation of a marriage between a citizen and an applicant for lawful permanent resident status, which indicates that "the petition may be approved if the marriage is valid and was not entered into solely for immigration purposes."  (Doc. 50 at 3).  The defendant does not identify the statutory language, if any, the manual purports to interpret, and he does not even submit the manual so the Court can confirm the accuracy and relevance of the language on which he relies.  Certainly the defendant does not explain how the manual – which does not rise to the dignity of a formally adopted rule – could control or even influence the interpretation of Section 1325(c).

On June 19 of this year, the Assistant United States Attorney prosecuting this action filed a brief in another marriage fraud case, in which he stated that "[i]t is quite clear that § 1325(c) provides criminal penalties only for those who marry *for the sole purpose of evading federal immigration laws*."  *United States v. Ramey*, Criminal Action No. 12-0096-KD-C (Doc. 16 at 6) (emphasis in original).  While it may seem odd that the government would so quickly abandon this position in favor of its opposite,[4] no legal principle precludes the government from doing so.  *See Howard v. United States*, 374 F.3d 1068, 1077 (11th Cir. 2004) (although the government conceded a legal point for purposes of the particular case, "[w]e realize that in the future the government may change its mind and

---

[3] In his only effort to bridge this gap, the defendant suggests it is "axiomatic that the Government's burden in criminal cases is greater than that of civil cases."  (Doc. 50 at 3).  There is of course a stark difference between civil and criminal cases in terms of how convincing the proof must be (preponderance of the evidence versus beyond a reasonable doubt), but that truism scarcely demonstrates that the "but for" causation element of a civil case must become a "sole purpose" element in a criminal context.

[4] The *Ramey* jury, which was charged it could convict only if it found evasion of the immigration laws to have been the "sole purpose" of the marriage, was unable to reach a unanimous verdict.

press that issue"); *Hunter v. United States*, 101 F.3d 1565, 1574 (11th Cir. 1996) (en banc) ("[P]ast experience has taught us that on occasion the government's position on criminal law issues is fluid."). The defendant identifies no limitation on the government's ability to alter its position in a subsequent case.

"[T]he right to marry is of fundamental importance for all individuals." *Zablocki v. Redhall*, 434 U.S. 374, 384 (1978). "When a statutory classification significantly interferes with the exercise of a fundamental right, it cannot be upheld unless it is supported by sufficiently important state interests and is closely tailored to effectuate only those interests." *Id.* at 388. The defendant's one-sentence argument based on *Zablocki* reads as follows: "However, the only way that § 1325(c) can be read constitutionally is if it criminalizes marriage where it is solely for the purpose of evading the immigration laws." (Doc. 50 at 4). The defendant concedes that regulation of immigration is an important state interest, (*id.*), so his argument presumably is that only a "sole purpose" reading would be narrowly tailored to effectuate that interest.

Section 1325(c) appears at the intersection of two lines of authority. Under *Zablocki* and like precedents, statutes that significantly interfere with the right to marry are subject to strict scrutiny, and the defendant's argument explicitly depends on the applicability of this exacting standard of review. But Section 1325(c) is also an immigration measure, and "over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens." *Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (internal quotes omitted).

In *Fiallo*, immigration statutes granted special preference to the children or parents of citizens or lawful permanent residents but excluded unwed fathers, and the children of unwed fathers, from this preference. 430 U.S. at 788-89. The plaintiffs recognized the general rule of judicial deference in immigration matters but argued that their allegations of sex discrimination, illegitimacy discrimination, infringement on due process rights, and impairment of "the fundamental

5

constitutional interests of United States citizens and permanent residents in a familial relationship" warranted "more searching judicial scrutiny." *Id*. at 793-94. The Supreme Court responded that it "has resolved similar challenges to immigration legislation based on other constitutional rights of citizens, and has rejected the suggestion that more searching judicial scrutiny is required." *Id*. at 794 (discussing *Kleindienst v. Mandel*, 408 U.S. 753 (1972)). Given this precedent, the Court "can see no reason to review the broad congressional policy choice at issue here under a more exacting standard than was applied in *Kleindienst v. Mandel*, a First Amendment case." *Id*. at 795.

As numerous cases have recognized, *Fiallo* establishes that the strict scrutiny standard does not apply to the evaluation of constitutional challenges to immigration legislation.[5]  Because application of the strict scrutiny standard is an

---

[5] *See, e.g., Bangura v. Hansen*, 434 F.3d 487, 494-95 (6th Cir. 2006) ("In immigration cases, however, federal courts apply a much more deferential standard of review to substantive due process challenges even where the immigration law interferes with a plaintiff's fundamental rights."); *Azizi v. Thornburgh*, 908 F.2d 1130, 1133 (2nd Cir. 1990) ("While we recognize the fundamental nature of the right to marry, we also must consider that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature," such that "our review of legislation involving matters of immigration and naturalization is limited.") (internal quotes omitted); *Anetekhai v. Immigration and Naturalization Service*, 876 F.2d 1218, 1221 (5th Cir. 1989) (responding to the argument "that we should apply strict scrutiny in analyzing the immigration provision at issue here since § 1154(h) affects Mona's fundamental rights in the domestic area" with the observation that "[t]he Supreme Court rejected this very argument in *Fiallo*") (internal quotes omitted); *Adams v. Howerton*, 673 F.2d 1036, 1041 (9th Cir. 1982) (where an immigration statute acknowledging only heterosexual marriages was challenged as infringing on the plaintiffs' "fundamental right to marry," the Court "would not apply a strict scrutiny standard of review to the statute [because] Congress has almost plenary power to admit or exclude aliens, [citations omitted], and the decisions of Congress are subject only to limited judicial review"); *Barmo v. Reno*, 899 F. Supp. 1375, 1381 (E.D. Pa. 1995) (*Fiallo* "articulates a considerably more deferential standard for substantive immigration statutes, even for those affecting 'fundamental' rights such as marriage."); *United States v. Boffil-Rivera*, 2008 WL 8853354 at *10 (S.D. Fla. 2008) (report and recommendation) ("Judicial review of legislation affecting fundamental rights but arising under matters of immigration and naturalization is quite limited.").

essential premise of the defendant's argument, and because that standard does not apply, the defendant's argument must fail.

For the reasons set forth above, the government's motion in limine is **granted**.  The defendant and those associated with him, including his witnesses and counsel, shall not suggest to the jury that he may be convicted only if the government proves that his sole reason for entering the marriage was to evade one or more immigration laws.

DONE and ORDERED this 3rd  day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE